ALI SALEEM BEY
P.O. Box 8101
Emeryville, California 94662
(510) 681-5802
Sbey99@gmail.com
ALI SALEEM BEY, pro se

**FILED**

**OCT 24 2025**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALI SALEEM BEY,
JOHN MUHAMMAD BEY,

Plaintiffs,

vs.

CITY OF OAKLAND et al and DOES 1-100

Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)))
)))
)))
)

Case No. No.25-cv-06218-PHK

1ST AMENDED
COMPLAINT FOR DAMAGES

1.    Parties in this Complaint

a.    Plaintiff(s): Name: Ali Saleem Bey [ASB]

        Name: John Muhammad Bey [JMB]

Address: P.O. Box 8101 Emeryville Ca. 94662, Phone number: 510-681-5802

b.    Defendant(s).

Defendant 1: City Of Oakland [City], 250 Frank Ogawa H. Plaza

Defendant 2: City Of Oakland Police Commission [OPC], 250 Frank Ogawa H. Plaza

Defendant 3: NSA Federal Compliance Director [CD] Robert Warshaw S.F. Federal Building

Defendant 4: Alameda County [ALCO DA]

Defendants Does 1-18

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 1

## JURISDICTION

My case belongs in federal court under <u>federal question jurisdiction</u> because it involves claims for violations of the First Amendment and Fourteenth Amendment Equal Protection.

## VENUE

Venue is appropriate in this Court because the Defendants are in Alameda County.

## NATURE OF ACTION

42 U.S.C. Section § 1983 equal protection cause of action, 42 U.S.C. Section § 1985 conspiracy cause of action, 42 U.S.C. Section § 1986 conspiracy and failure to act to protect causes of action, 1st, and 14th Amendment clauses causes of actions, Sections §242, §241. Deprivation of Plaintiffs guaranteed constitutional rights under color of law causes of action.

## STATEMENT OF FACTS

[001] Plaintiffs provide Exhibit 1, evidence in support of their 42 U.S.C. Section § 1983 equal protection cause of action complaint, to establish the factual allegation that all named Defendants participate in ongoing purposeful failure to investigate Plaintiffs' cases and complaints based upon Defendants' policy of open and apparent allowed Racial and Religious Bias Profiling [RRB] discrimination, thus knowingly violating Plaintiffs' 14th amendment rights.

[002] 7/26/23 all Defendants' leadership were noticed in a letter from Defendant OPC on Defendant City of Oakland letterhead, directly to Defendant CD Warshaw, stating Warshaw has not responded to the last OPC 2019 letter noticing RRB deficiencies in Plaintiffs' uninvestigated IAD13-1062 [while collecting One million tax dollars a year to fail]. Exhibit 1 establishes Defendants deliberate investigative failures are known RRB based 2019-2023. Exhibit 1 specifically notices Defendant leadership of unaddressed OPD failure to investigate Plaintiffs' cases, based upon OPD Department General Orders [DGO] M-19 RRB based violations of Task 5 in Federal Consent Decree court orders [FCD]. Warshaw is a federal employee [contracted] to work with [State] Defendant City and OPC to monitor OPD and enforce compliance with FCD as Compliance Director Court empowered to correct any identified OPD unconstitutional policing violations. Exhibit 1 establishes Defendants know Warshaw is systemically derelict, and yet all Defendants responsible for investigation of IAD13-1062, continue to meet with him regularly and mutually conspire with him to ignore each other's, Defendant leadership [superiors/supervisors] complete common failure to investigate Plaintiffs cases are based upon, a

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 2

Defendant "hated in common" racially and religious protected class of people, doing so while under color of law is a proper 42 U.S.C. Section § 1983 14th Amendment [14A] cause of action. Exhibit 1 establishes that all Defendants City, OPC, ALCO DA and Warshaw collectively have deliberately failed to investigate Plaintiffs' IAD13-1062 cases and complaints, collectively agreeing to take no actions to investigate OPC noticed "concrete evidence" of OPD RRB of Plaintiffs. Superior failure to act on subordinate RRB violations of Plaintiffs' civil rights, establishes a municipal policy of RRB based failure to [investigate] provide equal protection to Plaintiffs, violating Plaintiffs' guaranteed civil rights as 42 U.S.C. Section § 1983 actionable cause.

[003] All Defendant leadership has failed to act on Plaintiffs' specifically named complaints in Exhibit 1, establishing that all Defendants were specifically noticed that, Plaintiffs' [2007 – 2025 uninvestigated] IAD07-0538 and [2013-2025 uninvestigated] IAD13-1062 and their underlying [Black and Muslim men as victims] OPD ALCO DA criminal cases remain Defendants known to be deliberately deficient in investigation and, based upon OPD RRB Profiling animus. Thus, establishing Defendants' leadership policy of open and apparent deliberate indifference to Plaintiff equal treatment, while possessing knowledge that Plaintiffs' short shrift treatment is based upon "apparent" RRB and, still failing to act to equally protect Plaintiffs, establishes RRB of Plaintiffs as a systemic Defendant municipal wide policy and cause of action for deliberate failure to investigate. Exhibit 1 ***"OPD failure to investigate Plaintiffs' complaints IAD07-0538 and IAD13-1062: "The Beys filed the complaint on July 13, 2007 with the Citizens' Police Review Board, which eventually became Internal Affairs Division Case No. 07-0538 and then later by your predecessor Compliance Director to be Case No. 13-1062."*** Exhibit 1 establishes that [1] Defendant Warshaw's office knows/part of the long history of short shrift treatment of Plaintiffs, [2] Warshaw office is responsible for opening and adjudicating completion of RRB IAD13-1062 complaint and [3] Warshaw has been independently noticed repeatedly in writing over years by Defendant OPC of IAD13-1062 insufficiency and purposefully failed to investigate. Exhibit 1 establishes all Defendant knowledge that, IAD13-1062 remains incomplete [2025] and, all that named Defendants deliberately continue to fail to act as required by constitution, charter law, and FCD orders to investigate equally. 2025 Warshaw remains all Defendants known and Defendant **encouraged**, through conspiracy, threat to Plaintiffs' and continued Defendant known, allowed and

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 3

participated in, 14A Plaintiff civil rights violations, based upon Defendants conspired enabled, deliberately indifferent, ignoring Defendant OPC noticing OPD RRB violations of FCD Task 5 violations harming Plaintiffs. Warshaw and Defendants remain responsible for deliberately failing to complete uninvestigated RRB IAD13-1062 in violation of Plaintiffs' 14th Amendment rights, thus establishing proper cause of action claims.

[004] October 2023 Defendant City attorney took affirmative action in furtherance of 1985 conspiracy by, removing evidence of RRB from the OPC report to Warshaw. OPC and City Co-Defendants meet regularly with Warshaw on status of FCD. Exhibit 1 establishes that Defendants while meeting with Warshaw, admit having knowledge of "Task 5" FCD violations associated with OPD failure to investigate Plaintiffs' IAD13-1962 complaint are, based upon known constitution violating OPD RRB. CAO actions concealing RRB two [2] months after having received a copy of Exhibit 1, notice of OPD failure to investigate Plaintiffs' IAD13-1062 based upon RRB, have no reason other than furtherance of conspiracy. Every attorney everywhere knows that Municipal supervisor/employee discrimination based upon RRB is a violation of the constitution under color of law. Establishing CAO affirmative actions to conceal RRB in conspiracy cover up, is in support of Defendant Warshaw RRB failure to investigate. CAO own RRB investigative failure inactions, on CAO known Defendant criminal activity tied to unsolved cases under Exhibit 1 IAD13-1062 are willful violations of Plaintiffs' 14A guaranteed civil rights based upon CAO racial [Black] and religious [Muslim] animus.

[005] Exhibit 1 establishes 7/26/23 all Defendants' leadership failed to act to protect Plaintiffs civil rights, after being clearly noticed that the **ENTIRE** Oakland Police Department has and is currently [2025] acting with unconstitutional RRB malice against Plaintiffs based upon Plaintiffs' protected class racial [Black] and religious [Muslim] status. All Defendants know IAD13-1062 remains in a state of continuous deliberate indifferent investigative deficiency. Plaintiffs' cases and complaints are based upon a Defendant policy of systemic RRB discrimination that clearly violate Plaintiffs' civil rights. Exhibit 1 -***The Beys provided testimony regarding mishandling of the subsequent investigation of this complaint. There apparently is also concrete evidence that at least one member of OPD admitted that the department acted with racial and religious bias which may have resulted in OPD's failure to investigate.*** Exhibit 1 confesses OPD Department wide RRB and results in an unconstitutional policing Department policy of failure investigate based upon OPD "feelings" about the type of victim seeking OPD

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 4

service. Exhibit 1 establishes that all Defendants have knowledge OPD is operating in a state of unconstitutionally policing based upon confessed RRB bias against Plaintiffs as Black and Muslim, which violates Plaintiffs' 14A rights.

[006] Exhibit 1 established all Defendants' leadership were repeatedly and clearly noticed in the same letter on the same page that, based upon historic systemic inadequacy of investigation by OPD and City of Oakland Administrations, any "fair" investigation needed to be independent of Defendant City control, which in 2023 validates Plaintiffs rightfully 2007 demanded independent investigation, unequally denied Plaintiffs starting 7/13/07 07-0538. Defendants policy of RRB animus results in repeated providing of superior service to nonBlack and nonMuslim citizens through independent investigations of similarly situated failures of OPD and the City to investigate themselves. Defendant self-investigative failures, created the FCD and Compliance Director position to protect specifically Black community civil rights from OPD unconstitutional RRB animus based policing as established in Allen v. City.

[007] Exhibit 1 establishes that "concrete evidence of OPD RRB" 2025 remains scofflaw ignored by Defendant Warshaw [Plaintiffs and Oakland tax payer paid], having been repeatedly credibly noticed that he is failing his fiduciary and FCD legal responsibility to ensure constitutional policing by OPD, enforce Allen v. City FCD, and holding Defendant City in FCD contempt for RRB violations like Exhibit 1 noticed violations of specific named FCD OPD RRB Task failures ignored by all Defendants in conspiracy, ***"The Beys' complaints directly relate to Task 5 (department's alleged failure to investigate) and are at the heart of the Delphine Allen, et al., vs. City of Oakland, et al. case (alleged police misconduct and racial and religious profiling of the Black and Muslim community)".*** Exhibit 1 leadership cc list, is established evidence that all Defendants' leadership, all have knowledge of obvious violations of Plaintiffs' civil rights, that all collectively fail to stop obvious RRB based violations of Plaintiffs' civil rights, that all meet regularly and consistently with knowledge of these constitutional violations of Plaintiffs' civil rights, that all know IAD13-1062 remains 2025 incomplete specifically based upon a policy of RRB. Only through conspired agreements to collectively fail and not hold each other accountable for what all Defendants are fiduciarily accountable for, e.g. protecting Plaintiffs' 14A constitutional rights. Only by conspired RRB animus in common agreement to Plaintiffs' detriment, could this level of wide spread municipal failure continue for over a decade. Warshaw is contractually responsible for FCD oversight of OPD constituional policing.

Defendants long term scofflaw mutual lack of action, on mutually known RRB violations, results in Defendant motivation for conspired mutual protection from exposure of RRB animus based failures, which is employee/supervisor/contract termination level misconduct actions. Long term RRB scofflaw actions, once exposed, results in mutual negative affects to all Defendants, financially and career wise, which establishes conspiracy motive to mutually ignore RRB.

[008] Exhibit 1 establishes Defendant "deliberate indifference" to apparent constitutional violations of Plaintiffs civil rights. Exhibit 1 establishes all investigative City bodies [CPRB, OPD, IAD] are serially "inadequate investigations" of Plaintiffs' IAD13-1062, based upon a Defendant known existing policy of RRB. Defendants' purposeful investigative failures are exposed as serial, widespread, and entrenched Defendant policy, by decades of systemically RRB based deliberately indifferent deficient "inadequate" treatment, when handling complaints from Black [race] and Muslim [religion] citizens as Plaintiffs are. "*__Because the matter involved the alleged inadequacy of investigations by the Police Department and the CPRB (now reconstituted as the Community Police Review Agency overseen by the Commission), the Commission believes that your independence and ability to direct an outside investigation on the matter would best serve to get to the truth of the matter.__*"

[009] **Exhibit 1 provenance and credibility:** Plaintiffs' [Exhibit 1] is prima facia evidence; its factual credibility is beyond reproach. Defendant OPC's own legal counsel stakes their BAR license that everything is true and factual in the 7/26/23 letter. Accepted as incontrovertible "concrete" evidence, this makes said Exhibit 1 dispositive facts of current ongoing Defendant deliberate indifferent RRB policy, as causal basis of perpetual failures to protect and serve equally. Exhibit 1 "Defendant RRB confession" moves the evidentiary contents of this RRB discrimination complaint beyond required civil plausibility requirements, and into summary judgement and emergency injunctive relief need to protect Plaintiffs civil rights from admitted systemic short shrift treatment in violation of 1st and 14th amendments.

[010] Exhibit 1 "*__Attachment: April 1, 2019 letter by Oakland Police Commission to Court Monitor Warshaw Cc: Oakland City Council Oakland Mayor Thao City Attorney Parker Oakland Police Commission Office of Civil Rights, Department of Justice__*" Exhibit 1 establishes that all Defendant named leadership has been directly noticed of OPD RRB since at minimum in writing 2019. OPC continued failure to act to investigate known RRB against Plaintiffs since at minimum 2019 is a violation of City Charter law, ignored by Defendant City

Attorney, which proves Defendant entire responsible leadership approves of, and participates in RRB as policy. When failures are tied to Defendant leadership cover up of employees OPD ALCO DA caused unsolved and uninvestigated murders and attempted murders, it is Defendant criminal obstruction of justice, covering up employee attempted murder.

[011] Exhibit 1 exposes the current vast scope of depravity in Defendants coverup. Universal failure by all Defendant leadership [meeting regularly] responsible for equal constitutional treatment, can only be accomplished through conspired mutual agreement to not act to hold each other accountable, for a conspired mutual policy of, mutually acceptable RRB based short shrift failure to investigate treatment of Plaintiffs. Especially noteworthy is the fact that Defendant Warshaw represents ensuring Plaintiff Allen v. Oakland FCD is monitored, overseen, and as paid OPD Compliance Director, to ensure FCD court orders against OPD unconstitutional policing are complied with by named Defendant City of Oakland leadership and employees, as contracted. Defendant City is the Defendant that Warshaw is paid via Allen v. City settlement [and fails] to monitor and enforce FCD orders against Defendant City who is responsible for ensuring Warshaw is in compliance with his contract to equally serve and protect all Oakland citizens regardless of race or religion, as constitutionally required. When multiple Municipal agencies and departments on opposite sides of a civil suit based upon OPD RRB, all have access to, and been noticed of "concrete evidence of racial and religious bias" [noticed NSA Task 5 violations] in the ENTIRE Oakland Police Department, and all responsible Defendants equally in concert fail to act for over a decade, it is established as systemic, mutually conspired and agreed upon, municipal policy known to be to the detriment of Plaintiffs by violating their established and known 14th amendment civil rights.

[012] Exhibit 1 establishes that 7/26/23 all Defendants' leadership were noticed of unaddressed and clearly understood constitutional violations of Plaintiffs civil rights and to date all Defendants have collectively with said knowledge of constitutional violations failed to act. Exhibit 1 *__"There apparently is also concrete evidence that at least one member of OPD__ __admitted that the department acted with racial and religious bias which may have resulted in__ __OPD's failure to investigate."__*. Copies of Exhibit 1 with notice of "concrete evidence of RRB violations against Plaintiffs" were cc provided to all Defendant leaders: Warshaw, OPC, Mayor, City Council, City Attorney, and ALCO DA integrity unit. Systemic investigative failure deficiencies based upon RRB were found egregious and systemic enough to notice the Federal

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 7

DOJ Civil Rights Division [CRD] requesting DOJ Federal investigation of Defendants for systemic RRB based polices, in violation of Plaintiffs civil rights. To date all Defendants have failed to act to equally protect Plaintiffs' civil rights and outside investigation is still needed.

[013] Defendants confess to possessing [unacted on] "concrete evidence" of OPD Racial [Black] and Religious [Muslim] Bias of Plaintiffs in writing from a credible source and fail to act thus violating Plaintiffs 14th Amendment civil rights. Exhibit 1 is an unassailable, unambiguous statement of fact, that [right now 2025] existing deficiency of investigation of Plaintiffs' IAD13-1062 complaint is directly connected to open and apparent OPD RRB discrimination, establishing that Defendants' systemic short shrift actions are calculated, purposeful, openly known and, acceptable systemic RRB bigotry discrimination, openly and universally practiced across all Defendant leadership and employees and, qualifies as a Defendant unconstitutional policy based upon racial and religious ignorance. Defendant have identified, acknowledged, and ignored lack of employee training as an obstinate scofflaw continuation of an openly allowed policy of municipal RRB discrimination against Plaintiffs, resulting in a policy of RRB based deliberate indifferent short shrift treatment of Black [racial] and Muslim [religious] Plaintiffs' cases, in violation of Plaintiffs 14th Amendment rights.

[014] Defendants have actively conspired [1985] with each other in regular meetings to collectively purposefully "short shrift", "deliberate indifferent" fail to investigate Plaintiffs' RRB related cases and complaints. This specifically includes the City Attorney Office [CAO], which took affirmative action in furtherance of conspiracy in support of systemic RRB with purpose, by altering, by removal of specific evidence in OPC notice to Warshaw of existing systemic RRB failures to investigate Plaintiffs' IAD13-1062 from the 10/2023 Third [3rd] OPC letter notice of investigative deficiency and demand of federal DOJ CRD independent investigative action to Warshaw, constituting multiple violations of FCD. CAO produced in discovery direct independent sourced, specific knowledge of specific named OPD employees [OPD command known and allowed as policy] untrained ignorance based Islamophobic hatred-quotes under oath, constituting over a decade and half of CAO known OPD RRB against Plaintiffs and all Black Muslims since at minimum 2009, established by independent State AG report of confirmed ignored OPD RRP animus statements. Plaintiffs have provided CAO clear evidence of OPD criminal misconduct, including undercover officer **encouragement** to OPD known Black teen shooters, known to be attempting to murder Plaintiffs. Defendant CAO failed to act as legally

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 8

and ethically required, but supported similarly situated investigations, while actively fighting against investigation of RRB in Plaintiffs cases. Federal independent investigation caught the CAO misusing taxpayer resources to purposely fail IAD arbitration appeals of misconduct sustained OPD officers, Swanson found CAO systemically "throwing cases" putting the dirtiest cops back in the Black community, thus purposely sabotaging Allen v Oakland FCD mandated reforms. Likewise, the CAO uses civil court filing to suppress factual criminal evidence of OPD misconduct and actively deny investigation of Defendant policy of OPD allowed RRP criminal activity, that resulted in coverup of OPD ALCO DA setting up foreseeable conditions to purposely endanger Plaintiffs' lives and livelihoods and directly cause multiple [mass] foreseeable Oakland Black and Muslim community murders and injuries.

[015] Plaintiffs have suffered mentally [PTSD and stress] and physically [gunshot wounds] from Defendant employee depraved **encouragement** by aiding and abetting JTTF known teen community shooters, constituting attempted murder of Plaintiffs by proxy. [**Exhibit 2**] Establishes that Defendants knew the shooters were targeting Plaintiffs for murder starting 2004. ALCO DA forced by extortion witness Plaintiff ASB, was marked for assassination from behind ALCO bars, aided by disgraced lawyer Lorna Brown [contracted by ALCO thus employee of] caught smuggling a "Chauncey Bailey witness hit list" out of ALCO County jail for her client, the ultimately convicted killer of Bailey and shooter of Plaintiff JMB. ALCO DA gave her a pass for aiding abetting attempted murder or Plaintiff. Named Defendants are caught exacerbating Plaintiffs' pain and suffering by systemically covering up as policy, failing to investigate Defendant employees purposely and artificially placing Plaintiffs lives in constant mortal danger using banned DOJ Gun Walking [GW] tactics, depravedly, before and after Plaintiff JMB surviving actual attempted murder with injuries, and after OPD ALCO denying constitutionally valid CCW concealed carry right to self-defense to Plaintiff ASB, while simultaneously depravedly **encouraging** by aiding Defendant "special treatment" shooters targeting Plaintiffs for murder are heinous actions being covered up by Defendants. JTTF managed access to GW High Powered Military Grade Illegal Weapons [HPMGIW] already used against and, known still pointed at Plaintiffs, resulted in the foreseeable outcome of collateral Black and Muslim community murders directly connected to OPD ALCO DA **encouraged** shooters targeting of Plaintiffs by proxy.

[016] ALCO DA and OPD [JTTF members that were **encouraging** shooters of JMB and **encouraging** targeting Plaintiffs for murder] arrested [no criminal record] Plaintiff ASB 2011 and threatened to keep him in jail indefinitely [extortion], until he testified for the prosecution, constituting witness intimidation. Plaintiff ASB testimony was then criminally ALCO DA "in limine" suppressed to coverup Defendant JTTF **encouragement** crimes, by Judge Reardon order, explicitly forbidding Plaintiff ASB under penalty of judicial sanction threat of unlimited incarceration, from testifying specifically about CEO Waajid Bey's case, and Plaintiff CEO John Bey's case, representing the exact [unknown at the time] OPD Brock [IAD07-0538 Plaintiffs and Bailey related] stolen Bey case files secretly in ALCO DA office possession during the Bailey murder trial, stolen from OPD and hidden from defense attorneys during and after the trial by ALCO DA O'Malley and DA Krum [Dooher] i.e. prosecution misconduct. ALCO DA and former OPD Bruce Brock [07-0538, 13-1062, Bailey last story named for failure to investigate misconduct, and stole WB and JMB case files], now ALCO DA investigator in furtherance of conspiracy. Plaintiff ASB was also forbidden from testifying about anything about OPD relationship to the killers of Bailey.

[017] ALCO DA Prosecutorial misconduct resulting in testimony suppression, witness intimidation, obstruction of justice in WB, JMB, and ASB cases and complaints, and mistrial level prosecutorial misconduct in Bailey murder trial resulting from ALCO DA stolen case files and policy of RRB discrimination against Plaintiffs and like in Oakland.

[018] 2023 - 2025 ALCO DA refusal to investigate credible evidence of DA office criminal misconduct tied to systemic RRB caused, and established as uninvestigated, OPD and ALCO DA **encouraged** caused murders and attempted murders, has historical precedent. The DA integrity unit exposed, 90s anti-Black and anti-Jewish jury exclusion allowed and ignored ALCO DA misconduct, making Plaintiff allegations of race and religious based misconduct credible. ALCO DA failed to act after Chair Milele of the OPC directly contacted ALCO DA Price office specifically about Racial and Religious based lack of ALCO DA investigative action issues connected to Plaintiffs' complaint of prosecutorial misconduct. ALCO DA Price exposed unaddressed racist [Black] and religious [Jewish] DA bigoted history, establishes that ALCO DA systemic racial [Black] and religious [Muslim] discrimination tied to uninvestigated murders caused by ALCO DA conspired actions with OPD are current and, historically based, entrenched systemic standard ALCO DA racist and religious bigotry operating policy of discrimination,

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 10

depriving Plaintiffs of guaranteed civil rights. ALCO DA Defendants were caught engaging in "catch and release" of known Gun Walked **encouraged** community shooters [**Exhibit 4**] - being "mentored" groomed by undercover OPD officers [taking direct orders from OPD, ALCO DA, JTTF]. With JTTF known access, to ballistic identified individual illegal weapons in the possession of teen shooters, Defendant OPD and ALCO DA known, to be specifically targeting Plaintiffs as individuals, qualifies as criminal depraved foreseeable actions **encouraging** attempted murder of Plaintiffs violating their 14A equal protection civil rights.

### IAD13-1062 underlying cases:

[019] Exhibit 1 establishes that in [now] 2025, all the underlying cases in 2013 federal Compliance Director [currently Warshaw since 2014] initiated IAD13-1062, remains deliberately uninvestigated, and based upon admitted OPD and Defendant City RRB. IAD13-1062 remains collectively and mutually beneficially conspired ignored by Warshaw and Defendants. Defendant Warshaw's motivation is [$1 million/year failure since 2012] financial, in that exposure of ignored Allen v. Oakland OPD/City FCD violations that enable continued OPD RRB and thus intended perpetual FCD noncompliance [23+ years failure and counting] will rightfully terminate Warshaw's [tax theft] contract and his grift consulting agency business.

[020] Univestigated cases named in complaint IAD13-1062: 2007 IAD07-0553, 07-0538, incomplete Chauncey Bailey murder investigation, 2004 CEO Waajid Bey [WB] uninvestigated murder and Plaintiff JMB attempted murder. **Exhibit 2** establishes that OPD Longmire testified under oath, that OPD command 2/27/2004 knew Antar Bey [AB] [23] murdered WB [51] to take over his Your Black Muslim Bakery corporation and, that OPD knew AB with OPD Longmire undercover **encouragement** was targeting both Plaintiffs with the same murderous intentions. A year later 2005 OPD Longmire undercover **encouragement** to AB foreseeably resulted in Plaintiffs JMB/ASB attempted murder and, foreseeably created Black on Black murder which was approved by male Caucasian JTTF leaders OPD Chief Wayne Tucker, ALCO DA Orloff, and DOJ [under George Bush appointed] SF US attorney Douglas Sprague to include at minimum FBI, ATF, IRS, Bay Area DA offices, SS, HLS, CA DOJ, CHP, NSA, as resources available to the OPD led and weekly managed multi-agency Joint Terrorism Task Force [JTTF]. Plaintiffs have a FBI FOIA released JTTF sign-in sheet.

[021] Meeting weekly JTTF leaders received update reports from the previous week's activities, then agreed on next courses of action, then issued orders to achieve objectives. JTTF

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 11

leadership reviewed and approved undercover OPD orders, and decided the best use of the weekly meeting, was to manage, and use Black [face] under cover OPD officers [OPD Derwin Longmire and OPD Ersie Joyner] to infiltrate a JTTF **encouraged** Black teen gang and, manage Gun Walking [GW]which is JTTF ATF tracking known illegal weapons in the possession of known criminals, but not interdicting and purposely [recklessly negligent] leaving the illegal weapons on the street, while the JTTF "builds a bigger case". US DOJ has banned the GW tactic exactly because of past JTTF ignored easy foreseeability of collateral civilian murders and uncontrolled gun violence it naturally creates. Defendant uninvestigated IAD13-1062 exposes OPD ALCO DA JTTF GW HPMGIW by facilitating repeat bail access to HPMGIW for known Black youth and teen shooters in the Black and Muslim community and **encouraging** them to create GW HPMGIW terrorism, through repeat **encouragement** aid. OPD ALCO DA JTTF knew the teen shooters they were **encouraging** were aiming GW HPMGIW at Plaintiffs with intent to murder. JTTF recklessly thus depravedly **encouraged** known shooters actively targeting Plaintiffs, until Roberson, Wills and Bailey were foreseeably GW HPMGIW collateral murdered.

[022] **Exhibit 2** establishes OPD knew the persons they were **encouraging** murdered WB to take over his corporation and, had specific murderous intent against Plaintiffs, which establishes Defendant leadership failures to investigate are covering up [obstruction of justice] JTTF depraved attempted murder by **encouraging** proxy shooters of Plaintiffs. Defendants violated Plaintiffs' civil rights by subjecting them to:

**18 U.S.C. § 1113 constitutional violations**, statute:

*"Whoever, within the special maritime and territorial jurisdiction of the United States, attempts t o commit murder or manslaughter, shall be imprisoned not more than twenty years or fined und er this title, or both, for an attempt to commit murder; and for an attempt to commit manslaughte r, be imprisoned not more than seven years or fined under this title, or both".*

[023] **Exhibit 4** establishes 2005 OPD Longmire was taking direct orders from OPD Chief Jordan and ALCO DA Rogers as JTTF leadership, while grooming Yusuf Bey 4 [YB4] teen leader of the teen gang and **encouraging** him by aid. Starting October 2005, the leaders of all these LEA agencies meeting weekly, agreed to give orders to Black under cover OPD officers **encouraging** by "grooming" the younger brother of AB [OPD established lead suspect in both 2/27/2004 WB and 6/17/2005 JMB cases]. OPD Longmire on JTTF orders 10/2005 began **encouragement** "grooming" nineteen [19] year old [gang] leader YB4 "shot caller" of a teen gang of OPD identified Black teen shooters and JTTF known fraudulent CEO of murder victims

WB corporation. According to OPD, just five [5] months prior, leader YB4 following order from his older brother AB, attempted to murder Plaintiff JMB along with multiple teen shooters that JTTF knew [Longmire **encouraged**] YB4 "commanded".

[024] YB4 is in jail right now for ordering the 2007 shooting collateral murders of three [3] community members using the same Gun Walked HPMGIW used against and physically injured Plaintiff JMB 2005. OPD ALCO DA known to be in the possession of YB4, and were used to murder by shooting, collateral Black community GW victims Odell Roberson, Micheal Wills, and Black Journalist Chauncey Bailey, whose story with Plaintiff ASB as source, was exposing what Defendant are currently covering up. i.e. OPD and ALCO DA leadership secretly managed **encouraging** Black teen shooters [constituting entrapment] resulting in RRB animus Caucasian JTTF leadership's secret management and participation in artificially creating and weekly **encouraging** shooters to create [by white hidden hand proxy] Oakland Black on Black on Black murder and Black community violence-based terrorism. Cover up of evidence of **18 U.S.C. § 1113** criminally violates Plaintiffs' equal protection rights and is the basis of Defendants continued deliberate RRB based failure to investigate IAD13-1062 as required.

[025] The existence of **Exhibits 2, 3, and 4** establishes that OPD ALCO DA [meeting weekly] conspired to take actions to directly **encourage** AB/YB4 that foreseeably endangered Plaintiffs lives/livelihoods/family and foreseeably caused community collateral shooting murders and violence by using DOJ banned Gun Walking [GW] tactics, qualifies as **18 U.S.C. § 1113**. DOJ banned the GW tactic [confirmed by AG Holder in Congressional testimony] exactly because it was proven to have highest probability [foreseeability] in resulting in inevitable uncontrolled community street level gun violence injuries and collateral murders, as happened to Plaintiffs and the Oakland Black and Muslim RRB GW targeted community. Defendant uninvestigated use of GW resulted in the easily foreseeable thus "desired effect of attempted murder of Plaintiffs", by providing bail repeat access to known illegal weapons, known pointed at Plaintiffs, in the possession and control of known shooters **encouraged** by Defendants qualifies as **18 U.S.C. § 1113 and 14A** violations of Plaintiffs constitutional rights.

[026] 2005 FBI FOIA and **Exhibit 3** establishes JTTF FBI actively tapping all AB and associate's phones and finding regular communication between AB and JTTF **encouraged** OPD undercover Longmire, all while JTTF meeting weekly on all AB activities the previous week. All at the exact time of the June 17th, 2005 [IAD13-1062 Plaintiff JMB case#05-034462] still

unsolved, still open and still deliberately uninvestigated, ambush shooting by 4 [OPD **encouraged**] gunmen in Oakland Montclair District at 6:30 am, attempted murder of Plaintiff John Bey. OPD police report states that OPD homicide division had named [JTTF OPD Longmire **encouraged**] AB as lead suspect and identified AB younger brother Yusuf Bey 4 [YB4] as lead shooter of Plaintiff JMB. OPD report establishes there were multiple shooting eyewitnesses, who gave "day of" statements and provided suspect descriptions matching YB4 and cohorts, but they nor any other OPD evidence was followed up with before OPD secretly closed the investigation of the attempted murder of Plaintiff JMB, by lying in the official police report in a mere two [2] months three [3] days later [63]. Closing the case while friends with lead suspect is heinous. This act was in furtherance of conspiracy by short shrift Plaintiff treatment action, at same time directly taking affirmative actions that benefitted the lead suspects, being directly **encouraged** by JTTF orders, which violated Plaintiffs equal protection rights. OPD secretly closed Plaintiff JMB case without noticing Plaintiff the victim, secretly approved by OPD supervisors and known by JTTF leaders, by false statement on a Police report based upon RRB, which is a Hate Crime, "***Case filed due to lack of investigative leads***". Secretly closing Plaintiff JMB case, while actively engaging Plaintiffs and lying that OPD was investigating [until Plaintiff self-investigation discovery 2011 – 6 years later], when really closed, are additional Defendant depraved actions, resulting in foreseeable outcomes from leaving JTTF known shooters purposely uninvestigated thus **encouraged** in the Black community, with known access to the same weapons used against Plaintiffs, and JTTF known still pointed daily at Plaintiffs. There is no excuse for OPD closing the active investigation of AB/YB4 the OPD admitted known killer of Waajid and known fraudulent CEO by murder of WB corporation since 2004. AB is the OPD known "order giving" attempted killer of Plaintiff JMB, and the admitted OPD **encouraged** known mortal threat to both Plaintiffs' lives, livelihoods, family, and community, based upon an apparent and known Defendant policy of systemic RRB based hatred. FBI FOIA states that AB and his younger brother YB 4 were under 24hr FBI surveillance and phone taps at the time of the WB murder and JMB attempted murder, with no Defendant action to protect Plaintiffs as known targets of JTTF **encouraged** shooters. All JTTF actions easily qualify as attempted murder by **encouraged** proxy, violations of Plaintiffs' 14A rights.

[027] **Joint Terrorism Task Force [JTTF] Attempted Murder of Plaintiffs:** On 7/16/2007 Yusuf Bey 4 [YB4] was known by OPD and ALCO DA and federal resources [JTTF]

to be an imminent mortal threat to Plaintiffs' lives since 2005 and had access to, and possessional control over, JTTF "Gun Walked" known HPMGIW already used against Plaintiff JMB. The JTTF led by Caucasian males OPD Chief Wayne Tucker, ALCO DA Tom Orloff, and Douglas Sprague [George Bush] US Attorney was meeting weekly specifically about YB4 since JTTF member OPD Longmire began "mentoring/grooming" him in 10/2005, at the age of nineteen [19] years old. At that time 2005, YB4 was the OPD Longmire [JTTF] known lead shooting suspect in Plaintiff JMB attempted murder by ambush shooting. Before **encouraging** YB4, OPD Longmire was having an **[Exhibit 3]** uninvestigated relationship **encouraging** YB4's older brother AB lead suspect in both WB murder and the attempted murder of Plaintiff JMB.

[028] Murders the week before [7/8-7/14] the 7/16/2007 YB4 Solano court date, the JTTF had confirmed ballistics evidence identifying the murder weapon as the same attempted GW murder weapon used against Plaintiff JMB two [2] years earlier. The JTTF had direct knowledge that this HPMGIW was in the possession of, and at the disposal of, YB4 since at minimum 6/17/2005 and spanning until the 2013 IAD Griffin confirmed GW 7/8/2007 [OR] and 7/12/2007 [MW] HPMGIW shooting collateral murders of uninvolved community members Odell Roberson and Micheal Wills, a Caucasian Chef whose crime was living in the same Black community as YB4 receiving direct aid to stay on the street and have access to known HPMGIW for 2 years, with JTTF criminally conspired knowledge and aid **encouragement** as a claim and cause of action. JTTF depravity manifests in foreseeable collateral murders. Having this knowledge, not only didn't OPD arrest or question YB4, but ALCO DA having all his case files at the meeting was in charge of multiple concurrent bail allowance and, revocation failures with confirmation YB4 had used JJTF known GW HPMGIW committed mass murder days before the 7/16/2007 Solano County Court date with Solano County DA [Bay Area JTTF member].

[029] **[Exhibit 4]** On 7/16/2007 YB4 showed up to Solano County Court house and went through the metal detector establishing that he, and his companions were unarmed and posing minimal threat. On 7/16/2007 YB4 was wanted on a "no bail" bench warrant issued by JTTF member San Francisco DA Kamala Harris. Bay Area JTTF members DA Harris and Solano County DA Donald A. du Bain had representation at weekly JTTF meetings "***15 members from every agency in the Bay Area were there***" every week since 2005 knowing that YB4 had prior access to the Roberson and Wills AK47 murder weapon and watched said illegal weapon Gun Walk through Black Oakland communities until that specific weapon had the negligently

ignored, easily foreseeable outcome of murdered uninvolved "collateral" community members. This meets the legal definition of depravity, knowing YB4 had access to the murder weapon, while the JTTF facilitated repeat access to said known weapon. Again a high powered military grade illegal weapon already used against Plaintiff JMB, that remained a weekly for 2 years JTTF known constant mortal threat to both Plaintiffs 2005 – 2007 i.e. attempted murder.

[030] **Exhibit 4** Establishes that JTTF members OPD Assistant Chief Jordan and ALCO DA Tom Rogers were giving direct orders to OPD Longmire at the same time Longmire was undercover friends and criminally "mentoring/grooming" YB4 since a teen. During this relationship YB4 benefited from JTTF **encouragement** establishing a valid cause of action, through multiple concurrent DA bails, through direct intelligence from OPD Longmire, by OPD closing active investigations where YB4 was the lead suspect [Plaintiff JMB case], thus leaving the known shooter and the known illegal weapons he has access to, on the street, and known targeting Plaintiffs for murder. **7/16/07 JTTF enabled reckless release was with specific knowledge YB4 would encourage YB4 to continue attempt to murder Plaintiffs**, which he could not do behind bars. Solano County Judge seeing YB4 on multiple concurrent bails [associated with attempted murder in SF included] and having a Failure To Appear in SF, was before the Judge on a "no bail" bench warrant, which mandates that the Judge take YB4 into custody immediately and wait for SFDA Harris to pick him up, all this was ignored by Solano County DA, who had direct knowledge of YB4 association with attempted and actual committed murders through the previous week's JTTF meeting. Having all this prior knowledge of direct and imminent mortal danger not only to Plaintiffs but to the general public and the entire Black community, Caucasian male JTTF leadership RRB animus maliciously recklessly effected his release back into the Black community, now JTTF armed and emboldened [encouraged]. SFDA failure to remand was with direct prior knowledge YB4 posed a danger to the public and specifically Plaintiffs' lives qualifying as criminal deprivation of Plaintiffs' rights under color of law of attempted murder. Solano County DA [and Judge] depravedly and recklessly allowed "Own Recognizance" no bail release of YB4, knowing and recklessly ignoring the direct and imminent mortal danger to Plaintiffs' lives by reckless JTTF **encouragement** of YB4 shooter was directly and negligently responsible for Bailey's easily foreseeable murder two [2] weeks later and continued attempted murder targeting of Plaintiffs and their family members.

[031] 7/17/2007 Plaintiff ASB met with Black Journalist Chauncey Bailey, it was immediately mutually agreed upon that YB4 "magic walk" out of Solano County was the most direct evidence of federal level LEA aid to the known shooter terrorizing the Black community. Bailey's last unpublished story contained all persons/cases named in 07-0538 and later 13-1062.

[032] Plaintiff ASB provided Chauncey Bailey with evidence in City closed 07-0538 complaint, i.e. OPD ALCO DA multiple concurrent bails to known Plaintiff threats and deliberate failure to investigate WB and JMB cases. That, OPD ALCO DA **encouraged** the WB uninvestigated murder. JTTF knew about and aided **encouraged,** fraudulent federal bankruptcy liquidation of WB corporation by YB4, and OPD ALCO DA JTTF role in **encouraging** known shooters targeting Plaintiffs for attempted murder. JTTF depraved actions had the foreseeable result in causing collateral community by JTTF encouraged illegal weapon shooting murders of Odell Roberson, Michael Wills, and Black Journalist Chauncey Bailey who was exposing the JTTF before being murder by a JTTF **encouraged** shooter with a 05-07 JTTF GW HPMGIW.

## Claim 1

42 U.S.C. Section § 1983, 14th Amendment equal protection cause of action against all Defendants: City of Oakland, Oakland Police Commission, Alameda County, OPD Compliance Director Robert Warshaw and Does 1-18

[033] Section 1983 provides a cause of action against Defendants acting under color of state law who have violated or **encourage** violation of Plaintiffs' rights guaranteed by federal statutes. Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[034] Plaintiff allegations [Established as fact by Exhibit 1] that, named individual Defendants responsible officials, knew of RRB based constitutional violations of Plaintiffs' civil rights and, deliberately indifferent failed to take corrective actions with said knowledge, are sufficient to state a claim. Exhibit 1 establishes that Defendants under color of State law, having been repeatedly noticed by Plaintiffs and OPC of RRB in writing, are held liable for, subjecting Plaintiffs to deprivations of constitutionally secured rights to freedom of religion and freedom

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 17

from discrimination based upon Plaintiffs' race and religious class status, constituting 14th Amendment violations of Plaintiffs guaranteed civil rights. Named individual Defendants in leadership capacity are responsible for Plaintiffs' equal protections and purposely fail. Plaintiffs allege Defendant RRB based discrimination is systemic, widespread, apparent, and openly practiced to Plaintiffs' detriment, and resulting from Defendant leadership known, approved and allowed apparent policy or custom of racial and religious discrimination of Plaintiffs violating Plaintiffs' 14th Amendment protections.

[035] Municipal liability rests on the actions that manifest as policy of the leaders and supervisors of said municipality, even if unwritten. Plaintiffs' claim establishes that (1) the defendants' leadership is acting under color of state law, and (2) Defendant leadership deprived plaintiffs of 14th Amendment rights to equal protection from racial discrimination and religious oppression, as secured by the US Constitution. Plaintiffs' Exhibit 1 and continued lack of Defendant leadership action after being noticed of OPD Department wide RRB, establishes an affirmative causal link between the municipal RRB policy or practice and the known deliberate indifferent OPD ALCO DA employee RRB violation of Plaintiffs' 14th amendment civil rights.

[036] Plaintiffs state a 1983 claim against Defendant supervisors for deliberate indifference failure to act, based upon supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates. Exhibit 1 establishes Defendant supervisors of OPD employees violating Plaintiffs' civil rights, all have [CC] knowledge of and acquiescence in Plaintiffs' factual allegations of Defendant confessed, verifiably noticed, scofflaw unaddressed, ongoing, openly acknowledged and "apparent" Defendant leadership policy of systemic racial and religious animus discrimination, resulting in 14th amendment violations of Plaintiffs' equal protection civil rights. Exhibit 1 establishes 'concrete evidence" of OPD racial and religious bias-based profiling, once noticed, followed by deliberate failure to act by individually named Defendant leadership serving as supervisors to OPD ALCO DA, as supervisors, are held liable for said employees [lack of training/lack of oversight] RRB based violations of Plaintiffs civil rights, including attempted murder and obstruction of justice.

[037] Exhibit 1 Fact: 2007 IAD07-0538 and 2014 IAD13-1062 and underlying cases remain uninvestigated [2025] and, Defendant confessed as, directly related failure to investigate Plaintiffs' cases and complaints equally, based upon Defendant admitted RRB discrimination. Exhibit 1 establishes as factual that, named individual Defendant City leadership through their

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 18

own individual actions and nonactions violate Plaintiffs' 14th Amendment rights. 2007 [07-0538 and underlying cases] through present 2025 leadership, comprised of, but not exclusive of, the Oakland City council whose responsible members are currently: Unger, Wang, Fife, Ramachandran, Gallo, Jenkins, Houston, Brown; Mayors of Oakland 2002-2007 Brown [former] 2014-2022 Schaaf [former], 2022-2023 Thao [former] and now current Mayor 2025 – present Barbara Lee; City Administrators 2007 present: Lindhiem, Blackwood, Santana, Landreth, Reiskin, interims, and current Johnson; Oakland City Attorney office under Richardson and [former] Barbara Parker leadership; ALCO DA office under 2007 Orloff [Lamiero, Rogers], 2011 O'Malley [Krum], 2023 Price, and 2024-2025 Dickson et al, ALCO DA investigative unit members [all exOPD] Brock, Rachel, Basa, and Chenault, DA integrity unit supervisors; ALCO BOS members Bas [former City Council President] David Haubert, Elisa Márquez, Elisa Márquez, Nate Miley; ALCO attorney office members with prior knowledge of ALCO DA deficiency related to Plaintiffs; federal Court Monitor/Compliance Director Robert Warshaw, his contracted corporation, and responsible supervisor; former OPD Chiefs 2005 -2007 Tucker, Jordan, 2013-2016 Whent, 2016- Figueroa, Downing, Landreth, 2020 Kirkpatrick, Armstrong; OPD Longmire, OPD Joyner, OPD Loman, and City of Oakland Police Commission members 2018 - 2025 through present, including but not exclusive; Jackson, Harbin-Forte, Jordan, Peterson, Prather, Hsieh, Howell, Dorado, Gage, Smith, to include OPC employees, [legal] Connor Kennedy, [OIG] Michelle Philips and [CPRA] former supervisors Alden and Muir and City employees Joan Saupe and Karen Tom, all unnamed persons.

[038] All as individuals in Defendant leadership, having knowledge of RRB discrimination against Plaintiffs and, in conspiracy participate in, 14th amendment systemic racial and religious bias based policy of discrimination against Plaintiffs and, failed to act as constitutionally, FCD, and City of Oakland Charter required, by named Defendants, whose actions and lack of actions are proper causes of actions against Defendant in this complaint.

[039] All the above-named Defendants constitute the highest levels of decision and policy making leadership [supervisors] of named Defendants City of Oakland, Alameda County, and Federal Court oversight. Leadership and supervisors of Local Governmental Units [LGU] and Municipalities are responsible for setting and enforcing policy in Defendant LGUs. All named individuals, have prior knowledge and failed to act to equally protect Plaintiffs on noticed RRB based violations of Plaintiffs' 14th amendment civil rights, related to ongoing Defendant

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 19

RRB discrimination and, having taken no action to rectify, or properly train, foreseeably results in LGU Municipal leadership policy of deliberately indifferent conspired participation in continued failure to take required equal protection action under color of law as equal protection failures qualifying as Plaintiffs' 14th amendment cause of action.

[040] The requisite causal connection is established when Defendant employees set in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms. Deliberate failure to investigate Defendant employees RRB, knowingly inflicts constitutional harm on Plaintiffs. Depraved action, is Defendants deliberately failing to investigate overwhelming evidence of OPD and ALCO employees **encouraging** known teen shooters, OPD ALCO DA known to be targeting Plaintiffs for murder, which had the easily foreseeable [depraved] effect of resulting in attempted shooting murder of Plaintiff JMB, attempted murder of Plaintiff ASB, and the murders of uninvolved collateral community members, Roberson, Wills, and Bailey. Qualifying as deliberately made failures to prior known violation of Plaintiffs 14th Amendment civil rights.

[041] Additionally, all named Defendant leaders have allowed superior treatment to similarly situated nonBlack and NonMuslim citizens. Specifically, Defendant City Mayor Schaaf, Warshaw, 2014-2016 City Council members; Washington, Gibson, Brooks, Guillen, Kalb, Gallo, Reid, City Administrators Blackwood and Landreth, and City Attorney Parker office actions related to the 2016 Swanson independent investigation's "finding" of "Leadership failure to investigate", by active cover up of heinous OPD serial underage rape crimes and findings of City of Oakland Administration [Mayor Schaaf, Administrator Landreth, Attorney Parker, Council] and OPD Chief Whent chain of command [also in IAD13-1062] as complicit in the purposeful cover up of OPD "victim type" bias based short shrift failings on something so morally repugnant, that resulted in the immediate "retirement" of Chief Whent [13-1062 named as corrupt] for covering up OPD underage serial rape of a minor along with Mayor Schaaf.

[042] Defendant superiors covering up "underage rape by employees" is heinous and establishes a profound sociopathic lack of empathy in above named Defendant leadership's lack of moral character. This is representative of the lack of moral compass of the Defendant leadership persons, that Plaintiffs explicitly name as complicit in covering up, by deliberately failing to investigate Defendant admitted incomplete IAD13-1062 RRB, related to Defendant employees RRB Hate Crime actions setting up Black on Black community murders, by

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 20

entrapping ignorant Black teens, using OPD undercover to criminally "groom" teen shooters for a JTTF **encouraged** artificially created [FBI FOIA exposed] OPERATION CRIMEWAVE in the JTTF RRB profiled Black community that Plaintiffs are leaders in. OPD IAD Whent closed IAD07-0538 uninvestigated and obstructed justice in Bailey's IAD07-0553 murder investigation by failing to link IAD07-0538 case files [ALCO employee Bruce Brock stolen at the time] to the murder of Bailey. Whent supervised 2007 IAD during 07-0538, and is the main OPD officer named in Plaintiffs' [Exhibit 1] uninvestigated IAD13-1062 complaint and Plaintiffs' 2014 Amicus filing in Allen v Oakland court [specifically naming Whent and command]. Despite serious failings knowledge, corrupt Whent was still "fail upwards" promoted to Chief by Mayor Schaaf, and publicly supported by Warshaw, even with acknowledged existence of incomplete IAD13-1062 contained known RRB constitutional violations of Plaintiffs civil rights by Whent. 2014 Conflict of Interest Chief Whent un-recused himself and closed incomplete IAD13-1062 investigation of himself and command early, uninvestigated and with direct knowledge, approval, and complicity in investigative deficiencies by Warshaw, who is Oakland tax payer paid to be responsible for regular meeting with [State] Defendants and enforcing OPD constitutional policing based Allen v Oakland FCD.

[043] All Defendants have provided a superior level of treatment to similarly situated non-Black/non-Muslim IAD/CPRB independent investigations; 2016 DA O'Malley, FCD, OPD of underage serial gang rape, 2018 OPD Pawlik murder, and IAD22-0858 in violation of Plaintiffs' equal protection civil rights. Named Defendant LGU leaders' short shrift and deliberate indifferent treatment of Plaintiffs' IAD13-1062 complaint about OPD Whent and command, while taking affirmative action independently investigating for [similarly situated IAD13-1062 like] City official lack of action and active OPD Whent and IAD cover up of OPD officers raping and passing around an underage, human trafficked mentally disturbed and drug addicted runaway girl of color. Time wise Plaintiffs' IAD13-1062 complaint "overlaps" similar situated 2016 investigation simultaneously, and involves the exact same City officials, Schaaf, Landreth, Parker, O'Malley, Whent and Warshaw, and named retired OPD, now ALCO DA office investigators, thus establishing proof of similarly situated unequal treatment of Plaintiffs.

[044] Exhibit 1 establishes proper cause of action, that Defendants' know Warshaw is responsible for failing to act on IAD13-1062 RRB violations of Plaintiffs 14th Amendment rights and continues to fail to act equally, after having been repeatedly noticed by Plaintiffs [2012,

2013, 2014-2016, 2020-2025,] and by Defendant OPC [2019,2023] of OPD RRB constitutional policing violations of Plaintiffs rights, for which he meets regularly with Defendants leadership and is paid by Oakland tax dollars to be fiduciarily responsible for oversight and continues failure to act equally to investigate Plaintiffs' IAD13-1062.

[045] Exhibit 1 establishes that no genuine issue of material fact exists regarding whether Plaintiffs' civil rights were/are knowingly being violated by, Defendant failure to investigate a policy of RRB animus resulting in failure to investigate Plaintiffs' IAD13-1062, which rights [14th Amendment], by whom [named individual leaders and employees], and with their knowledge and approval. Exhibit 1 establishes Plaintiffs' cases and complaints have not been equally, nor even investigated by named Defendant leadership based upon a Defendant policy of RRB discriminatory based intent in violation of Plaintiffs' 14th Amendment rights.

[046] Plaintiffs establishing liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 are entitled to recover compensatory damages for all injuries suffered as a consequence of those Municipal discriminatory based civil rights deprivations.

### Claim 2

42 U.S.C. Section § 1983, 14th amendment equal protection cause of action against Defendants: City of Oakland, Oakland Police Commission, Alameda County, Robert Warshaw

[047] Defendant deprives Plaintiffs of a constitutional right, "within the meaning of § 1983, When Defendant does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Plaintiffs' claim 2 cause of action is proper for Defendant omission failure to perform required RRB investigation. Exhibit 1 establishes that all named Defendant City and OPC individual named Defendant leaders/supervisors, have each deliberately failed to investigate Plaintiffs' IAD13-1062 equally as constitutionally required, violating Plaintiffs' 14th amendment guaranteed equal protection civil rights thus establishing Plaintiffs cause of action is proper. Additionally, OPC members Jackson, Harbin-Forte, Jordan, Peterson, Prather, Hsieh, Howell, Dorado, Gage, Smith, to include OPC employees, [legal] Connor Kennedy, [OIG] Michelle Philips and [CPRA] former supervisors Alden and Muir and City employees Joan Saupe and Karen Tom and City Leaders Mayors Schaaf [former], Thao [former] and current Mayor Barbara Lee, and City Attorneys Parker and Richardson have each individually, in contravention of fiduciary responsibility, each has ignored and failed to act, i.e. omits to perform

an act which they are legally required to do that causes the deprivation of Plaintiffs' civil rights, by violating City of Oakland Charter legal requirement to investigate Plaintiffs' Race and Religion based complaints, originally made directly to, and accepted by former OPC commissioners Ginale Harris and Regina Jackson in 2018. Plaintiffs only missed a handful of OPC meetings beginning 2018 through 2023. At each OPC meeting for five [5] years Plaintiffs would state the investigative deficiency facts contained in this 2025 pleading, resulting in failure to investigate as required. Plaintiffs IAD13-1062 and "Bey case" related issues have been on the OPC agenda more times than any other private citizen issue and the vast majority of OPC policy related issues w/o resolution. 2018 Defendant OPC/CAO legal contractor Brown gave known wrong legal advice that Plaintiff IAD13-1062 and underlying RRB issues could not be investigated by OPC in direct contravention of clear Charter language.

[048] Measure LL clearly states in simple language, that Defendant OPC agent of City [ultimate supervisor] "***Shall" investigate every complaint of, or any evidence of, any form of OPD protected class profiling***". Defendant OPC omission failure to investigate Plaintiff's numerous complaints of, OPC admitted existence of, and independently legally verified existence of, "Concrete evidence" of Defendant City/OPD Racial and Religious Bias Profiling [RRB] is an egregiously "apparent" example of Defendants' openly tolerated [policy] custom of systemic racist Islamophobic hate based violations of Plaintiffs' civil rights.

Oakland Charter amendment LL: pertinent part.

" *The Agency shall not be required to investigate each public complaint it receives, beyond the initial intake procedure, **but shall investigate public complaints involving uses of force, in-custody deaths, profiling based on any of the protected characteristics identified by federal, state, or local law, and First Amendment assemblies. The Agency shall also investigate any other possible misconduct or failure to act of a Department sworn employee, whether or not the subject of a public "complaint, as directed by the Commission."***

[049] 2019 OPC Jackson sent Exhibit 1 notice of IAD13-1062 deficiencies to Warshaw, and never received a response, even though OPC Jackson met regularly with Warshaw 2019 - 2023, she never followed up and omitted demanding a response or action from Warshaw. OPC Jackson omissions enabled continuation of willful failure of investigation, despite OPC Chair Jackson 2019 letter, voting to ratify Exhibit 1, and in public meeting repeatedly acknowledging the existence of unaddressed OPD RRB as causal of OPC known uninvestigated IAD13-1062, results from systemic anti- Black/anti-Muslim RRB based short shrift deliberate indifferent investigative treatment of Plaintiffs "apparently" based upon a Defendant leadership approved

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 23

municipal policy of RRB discrimination against Plaintiffs, specifically because of their membership in the 1st Amendment constitutionally protected classes of Black and Muslim. Defendant specifies "concrete evidence of racial and Religious bias" as causal for failure to investigate Plaintiffs'IAD13-1062 equally or at all and, Defendants failed to act as required.

[050] There is no legal ambiguity about the word "shall". Plaintiffs participated in community developed Measure LL, that clearly put emphasis on "***shall investigate public complaints involving any type of protected class profiling***" and goes on to emphasize that the OPC is responsible for investigating "***any other possible***" [evidence of] misconduct or ***failure to act [to investigate]***, "whether or not the subject of a public complaint" and still fail repeatedly.

[051] Plaintiffs establishing liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 are entitled to recover compensatory damages for all injuries suffered as a consequence of those Municipal discriminatory based civil rights deprivations.

### Claim 3

42 U.S.C. Section § 1985, cause of action against all Defendants for conspiracy to deprive Plaintiffs of their equal protection civil rights guaranteed under 1st and 14th amendments.

To state a proper cause of action under Conspiracy 42 U.S.C. § 1985(3), Plaintiff complaint alleges the following four [4] required Defendant actions occurred:

[052] [1] Defendant leadership City Mayors [former named] and current Lee, OPC commissioners named in claims 1 and 2 at minimum, and City Attorney Richardson [current] and Parker [past], all meet regularly between themselves and Warshaw. Defendants City and OPC have met well over 50 plus times with Warshaw, all during which IAD07-0538 and IAD13-1062 were, all Defendants known uninvestigated. All Defendants conspired amongst themselves to refuse to officially act on the incomplete status of IAD13-1062, resulting in short shrift investigation of Plaintiffs' IAD13-1062. Named Defendants are all FCD and fiduciarily bound to mutually investigate the deficiencies in Exhibit 1 noticed OPD RRB, including violations of FCD Task 5 and, with this knowledge of existing violations, Defendants do, mutually agree before, during, and after meeting, to mutually ignore known IAD-13-1062 deficiencies, thus purposely failing affirmative acts required by Charter and FCD.

[2] All named Defendants and employees mutual lack of action, align with deliberate ongoing IAD13-1062 investigation failures, that are responsible for 14th Amendment equal protection violations of Plaintiffs' civil rights. All Defendants' constant state of failure,

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 24

simultaneously and unbroken continuously, can only occur through all responsible Defendants' conspired mutual agreement, to purposely fail to investigate Plaintiffs' IAD13-1062 RRB based cases and complaints in violation of Plaintiffs' 14th Amendment rights and, as legally required by Constitution, Charter, and FCD.

[3] All named Defendant Leadership conspire by mutually agreed upon omission inaction, to maintain deliberate indifferent failure, complete lack of action to investigate Exhibit 1 noticed OPD FCD Task 5 violations of Plaintiffs 14th Amendment civil rights, as required by all Defendants. OPC Alden took affirmative action to insert himself in Ross investigation of himself and staff, and 10/2023 Defendant CAO office, took affirmative action in furtherance of stated conspiracy to remove a paragraph from a 3rd OPC letter RRB notice to Warshaw, noticing of systemic repeat [IAD13-1062] investigative failures, and need for independent investigation of 13-1062.

[4] Exhibit 1 establishes Defendant racial and religious animus is causation for failure to investigate JTTF **conspired** **encouragement** of known shooters targeting Plaintiffs for attempted murder, a non-statute of limitations crime. Defendants' leaders City, OPC, Warshaw conspired actions depriving Plaintiffs of RR class based guaranteed civil rights to equal protection, based upon a LGU municipal policy of acceptable and apparent RRB animus of Plaintiffs, based upon U.S.C protected class status, being Black [racial] and Muslim [religious].

[053] Publicly available evidence on Defendant City website, and witness testimony establishes that during the 2019 -2021 OPC Ross investigation and 2021-2024 OIG investigation of nonDGO M-19 RRB "Bey Matters", Defendant employees [Alden and Kennedy] conspired to directly interfere with, by sabotage, and actively conspired with, Mayor and CAO to impede and deny Plaintiff civil rights during the Ross and OIG investigations, specifically of CPRA Alden, OPD Chief Kirkpatrick, and Chain for RRB misconduct detailed in Plaintiff filed IAD20-0218.

[054] At the time of conspiracy, while Defendants were having regular and repeat meetings and communications between Warshaw, OPC Schaaf appointees, employees, and supervisors, including CPRA Director John Alden, legal counsel Connor Kennedy, and Defendant City leadership, specifically Mayor's, City Administrator's, and City Attorney offices, all were actively being investigated by the OPC hired Ross firm. Defendant employee CPRA John Alden and his supervised employees [Saupe and Tom] were named in Plaintiffs complaints for habitually deliberate indifference affirmative acts in furtherance, by closing and failing to

investigate 100% of Plaintiffs' IAD/CPRB 07-0538, 13-1062, 16-0146, and 20-0128 OPD DGO M-19 based RRB complaints. Still uninvestigated Exhibit 1 states said CPRA systemically failed investigation of RRB remains currently in need of independent investigation.

[055] 2021- named OPC leaders, wrongly, based upon RRB animus [statements], rejected Ross' investigation findings and recommendations constituting affirmative acts in furtherance of conspiracy. Ross produced two [2] reports, findings and recommendations referencing systemic uninvestigated OPD RRB misconduct and, affirming OPC obvious and purposely ignored ability to "follow City Charter law". 2021 to present Ross report has been FCD violating withheld from Warshaw, suppressed and concealed from the affected public, and 2022 was illegally withheld by OPC counsel Connor Kennedy from OPC OIG Phillips and FCD court, thus Kennedy took affirmative actions in furtherance of conspiracy by sabotaging and impeding the OIG "review" of the "Bey Matters" OPD policy non RRB violations and, allowing Warshaw by ommission to continue to ignore RRB in conspiracy. Ross is still being 100% suppressed from court oversight 4 years later by OPC, and from public benefit scrutiny, unlike 2016 Defendant similar situated independent investigations publicly released reports, findings, and Defendant agreed to abide by recommendations. Defendant active suppression of Ross is in violation of SB1421 and SB16 State transparency laws, because 2021 Ross independently verified and exposed what 2023 Exhibit 1 established as fact by confession that, OPD RRB based DGO M-19 discrimination has been Defendants known, upheld, and equally practiced policy of deliberate indifferent purposely failed to act upon, known RRB by all Defendants based upon conspired allowed anti-Muslim Islamophobic RRB ideology. The Ross independent reports validated that IAD13-1062 remains Warshaw responsible and OPC, City, and OPD purposely incomplete and, has been actively withheld from FCD in contravention of court order and Charter law, benefiting by conspired omission, Defendants continued cover up while violating Plaintiffs' 14A civil rights.

[056] Defendants conspiracy is to remain mutually derelict, never taking any action to rectify known investigative deficiency of IAD13-1062. OPC Jackson issued and affirmatively failed to follow up 2019 RRB notice letter. OPC Schaaf appointees affirmatively "concealed" the Ross report's negative OPD findings in furtherance of conspired Islamophobic racism.

[057] Plaintiffs establishing liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 are entitled to recover compensatory damages for all injuries suffered as a consequence of those Municipal discriminatory based civil rights deprivations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Claim 4:

42 Section § 1986 14th Amendment Equal Protection cause of action against all named in Claim 3 Defendants as both perpetrators of class-based conspiracies and individuals failing to protect Plaintiffs as victims of said conspiracy.

[058] 42 U.S.C. § 1986 Section 1986 authorizes a remedy against all named Defendant state actors, established as having deliberately negligently failed to prevent the conspiracy that is actionable under § 1985 Claim 3 established, Defendant specific conspired acts against Plaintiffs' civil rights that Defendants leaders with the power to do so, have deliberately conspired failed to stop or prevent in violation of Plaintiffs' constitutional rights.

[059] Plaintiffs allege that Defendants named in Claim 3 deliberately and negligently fail to stop or prevent the open and obvious on-going conspiracy to deprive Plaintiffs of their 14th Amendment protections. Said ongoing conspiracy is to prevent Defendant financial and career consequences, by failing investigation of credible evidence that, OPD, ALCO DA, and US attorney Sprague through conspiracy developed a plan, at JTTF weekly meetings that had the result of using undercover OPD officers [Longmire and Joyner] to **encourage** known Black teen shooters, with JTTF leaders provided, thus known access, to JTTF individual known HPMGIW to **encourage** the continued conspired attempts to murder Plaintiffs, as a proper 42 U.S.C. § 1986 claim. Having this knowledge, all named Defendants failed to investigate and thus failed to provide Plaintiffs equal protection based upon RRB animus failure to stop or prevent conspiracy.

[060] Plaintiffs establishing liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 are entitled to recover compensatory damages for all injuries suffered as a consequence of those Municipal discriminatory based civil rights deprivations.

### Claim 5

Section 18 U.S.C. §241 of Title 18 of the United States Code criminal deprivation of Plaintiffs' rights under color of law cause of action against all Defendants.

[061] Section §241 cause of action makes it unlawful for two or more persons [JTTF] to agree to injure, threaten, or intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States or because of their having exercised such a right. Defendants met weekly and agreed to deprive

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 27

Plaintiffs of their rights enshrined in 14th amendment through UGWIW tactics attempted murder of Plaintiffs detailed in Claim 6.

[062] Plaintiffs establishing liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 are entitled to recover compensatory damages for all injuries suffered as a consequence of those Municipal discriminatory based civil rights deprivations.

<u>Claim 6</u>

Section 18 U.S.C. §242 of Title 18 of the United States Code criminal deprivation of Plaintiffs' civil rights under color of law cause of action against all Defendants.

[063] Plaintiffs' bring 18 U.S.C. §242 [§242] of Title 18 Cause of action against all Defendants for actions **[encouragement]** and inactions [failures] amounting to attempted murder and, criminal obstruction of justice in Plaintiff connected open and unsolved non statute of limitations murder and attempted murder cases, by willfully depriving Plaintiffs of their rights, privileges, or immunities protected by the Constitution or laws of the United States. Under Section 242, individual officers can face criminal prosecution for using police authority to "willfully subject [Plaintiffs] any person . . . to the deprivation of any [14A] rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[.]". Therefore, Defendant leadership actions and inactions **encouraging** Plaintiffs' murder and or covering up are valid causes of action as established by facts stated [027] – [032] respectively.

[064] This §242 cause of action is applicable to all Defendants, employees, and/or anyone acting under color of state law, including federal, state, or local officials, as well as judges, District attorneys, and others who act as public officials such as JTTF, DOJ, Mayor Schaaf, CA Parker, CA Landreth, OPC Jackson/Forte, ALCO DA office, CD Warshaw, for participating in and/or willfully failing to investigate, and/or take affirmative actions to block investigation of egregious misconduct in cases of willful and or reckless [depraved] disregard for Plaintiffs lives, violating civil rights enshrined in U.S.C., Plaintiffs' rights guaranteed by the First and Fourteenth Amendments.

[065] Plaintiffs establishing liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 are entitled to recover compensatory damages for all injuries suffered as a consequence of those Municipal discriminatory based civil rights deprivations.

1
2
3

## DEMAND FOR RELIEF

1. Permanently end all JTTF LEA agreements and operations in Oakland Alameda Co.
2. Negotiated Settlement Agreement specifically addressing Defendant City and OPD policy of allowed, unchecked Racial and Religious discrimination of Black and Muslim.
3. $63 Million in compensatory and punitive compensation. Small measure, for decades of proven continuous openly unaddressed discriminatory Defendant RRB caused loss: personal, assets, and corporation. All resulting in Plaintiffs' family generational wealth loss. For maliciously inflicting decades of openly known hate based [avoidable] discrimination caused mental anguish, torture, pain, suffering, character and entire Islamic religion defamation. Specifically, depraved criminal activity covering up of STATE SANCTIONED ATTEMPTED MURDER OF PLAINTIFFS for being Black and Muslim, that All Defendants still participate in cover up of, constituting unaddressed criminal obstruction of justice in open unsolved cases.

   **Demand for Jury Trial**
   ☒    Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 9/23/25 _____ Sign Name: _____
                   Print Name: _____

Date: 10/23/25 _____ Sign Name: _____
                     Print Name: _____

_____

In Pro Per

—

PLAINTIFF 1ST AMENDED COMPLAINT FOR DAMAGES - 29



CITY OF OAKLAND

CITY HALL • 1 FRANK H. OGAWA PLAZA • OAKLAND, CALIFORNIA 94612
Police Commission

July 26, 2023

Chief (Ret.) Robert S. Warshaw
Independent Monitor and Compliance Director Monitoring Team, Oakland Police Department
Rotunda Building, Suite 222
300 Frank H. Ogawa Plaza
Oakland, CA 94612
rochtopcop@aol.com

RE:    **Bey Investigation**

Dear Court Monitor Warshaw,

On behalf of the Oakland Police Commission, I write to request your investigation into the complaints by Mr. Ali Saleem Bey and Mr. John Bey. The Beys' complaints directly relate to Task 5 (department's alleged failure to investigate) and are at the heart of the *Delphine Allen, et al., vs. City of Oakland, et al.* case (alleged police misconduct and racial and religious profiling of the Black and Muslim community).

On April 1, 2019, the Commission sent you a letter to notify you of Mr. Bey's complaint and requested that you, as the Compliance Director and Independent Monitor, investigate the substance of his complaint and testimony. At its last meeting on July 13, 2023, the Oakland Police Commission voted to send you this follow-up letter as there was no acknowledgement by you of receipt of the 2019 letter – nor any action to investigate the matter as requested.

The Beys filed the complaint on July 13, 2007 with the Citizens' Police Review Board, which eventually became Internal Affairs Division Case No. 07-0538 and then later by your predecessor Compliance Director to be Case No. 13-1062. The Beys provided testimony regarding mishandling of the subsequent investigation of this complaint. There apparently is also concrete evidence that at least one member of OPD admitted that the department acted with racial and religious bias which may have resulted in OPD's failure to investigate.

Because the matter involved the alleged inadequacy of investigations by the Police Department and the CPRB (now reconstituted as the Community Police Review Agency overseen by the Commission), the Commission believes that your independence and ability to direct an outside investigation on the matter would best serve to get to the truth of the matter.

Please send the Commission a response acknowledging receipt of the letter and any next steps you anticipate taking on the matter. Please also confirm that you have alerted or anticipate to inform Judge Orrick of our request.

Bey Investigation Request
July 26, 2023
Page 2 of 2

     We look forward to hearing from you by August 4, 2023 as we plan to place the matter on the agenda again for a Commission meeting to provide an update to the Commission and the community about your response.

Sincerely,

*Tyfahra Milele*

Dr. Tyfahra Milele
Chair, Oakland Police Commission

Attachment:
     April 1, 2019 letter by Oakland Police Commission to Court Monitor Warshaw

Cc:    Oakland City Council
      Oakland Mayor Thao
      City Attorney Parker
      Oakland Police Commission
      Office of Civil Rights, Department of Justice



CITY OF OAKLAND

CITY HALL • 1 FRANK H. OGAWA PLAZA • OAKLAND, CALIFORNIA 94612
Police Commission

April 1, 2019

Chief (Ret.) Robert S. Warshaw
Independent Monitor and Compliance Director
Monitoring Team, Oakland Police Department
300 Frank Ogawa Plaza, Suite 222
Oakland, CA 94612

The Oakland Police Commission is a City of Oakland commission established in November 2016 by the enactment of Measure LL to oversee the City of Oakland Police Department.

As part of its regular meetings, the Oakland Police Commission receives testimony from members of the public regarding the Oakland Police Department. At its public meeting on February 28, 2019, Mr. Saleem Ali Bey provided documents to members of the Oakland Police Commission, including a complaint dated July 13, 2007, filed by Mr. Bey with the Citizens' Police Review Board, which eventually became Internal Affairs Division Case No. 07-0538, and provided testimony regarding mishandling of the subsequent investigation of this complaint.

On March 14, 2019, at the request of Mr. Bey, the Oakland Police Commission voted to provide notice to the Independent Monitor appointed in *Delphine Allen, et al., vs. City of Oakland, et al.*, of Mr. Bey's complaint and to request that the Independent Monitor investigate the substance of Mr. Bey's complaint and testimony. Oakland Police Commission meetings are video recorded and Mr. Bey's testimony is available at the following address: https://www.oaklandca.gov/boards-commissions/police-commission/meetings.

Sincerely,

*Regina Jackson*

Regina Jackson
Chair, Oakland Police Commission

1       Moving up to 2005, now I hadn't seen Mustafa or
2  any of those people really at all.  I'd stop by the
3  bakery, maybe buy some cookies.  They had a little
4  outlet store here on Seventeenth Street.  I would stop
5  by there and get cookies just -- but it was never like
6  it was in the early days of '91, '92, when I went by.  I
7  never had the time as a detective to kind of do that.
8  But I'm moving forward to '05.  I'm now a full-fledged
9  member of Homicide.  Antar Bey -- or the old man dies,
10 Yusuf Bey dies.  When he dies, Mustafa and this other
11 guy, Wajeed, were supposed to take it over.  Now, this
12 is not independent knowledge I have..  This is not
13 information that I know certain.  This is what I have
14 kind of learned through the grapevines.  But Wajeed and
15 Mustafa Bey and a couple other old guys are supposed to
16 take over the bakery and run it as the old man left
17 instructions.  Antar Bey, who was about twenty-four at
18 the time, decided he wanted it and wanted those old guys
19 to leave.  When those old guys didn't leave, he had
20 somebody kidnap Wajeed, take him in the hills, kill him
21 and bury him.  Well, we found that body sometime later
22 on.  It was Bruce Brock's case.  Now, Antar now takes
23 over the bakery.
24      It wasn't long after that in '05, Antar is
25 putting gas in the black BMW that had belonged to the

51

CONFIDENTIAL: Subject to Protective Order

BEY003075

- 1 Nov 07- Bey IV is talking about "someone" checking on things. He states he has a friend in "investigations" and that Longmire said that "they terrified of you... and you already know how they feel about you."

## 8. Santa Rita Jail Mailings-

A handwritten letter from Bey IV to the YBMB Chief of Security is copied. Bey IV requests that the person "call Detective Longmire... a good friend an supporter of my father. Bey IV provides Longmire's personal cell # (510) 812-3850. Bey IV advised to identify themselves to Longmire as the "Chief of Security for the Bakery... and tell him I gave his number because I didn't want to call him from the jail phone."

## 9. FBI PEN Register-

FBI SA C. Brown provided information to Rachal regarding a FBI investigation into the YBMB. The FBI placed a phone toll register on the YBMB phones. Longmire was tracked on several occasions calling the YBMB. There were several calls from Antar Bey to Longmire. Joyner's residence showed approximately 300 calls to a high ranking member of YBMB, Mustafa Bey.

Longmire's calls to the YBMB may have been related to a separate murder case. However, the content of the incoming calls from Bey are unknown.

Joyner's calls to the YBMB may have been made by his wife, who is close friends with Mustafa Bey's wife.

## 10. IAD investigation compromised.

On or about 21 May 08, I met with Off. J. Grant and A. Rachal in the Intelligence Unit. Grant's entire case file on the YBMB kidnapping incident is stored there for safekeeping due to Longmire's tendency to involve himself with any YBMB incidents. During the 3-4 hours that it took to make copies of the report, Grant, Rachal, and Off. A. Barton discussed intelligence regarding the YBMB. During the discussion, Intel Sgt. M. Reilly came into the office. We talked about the information gathered thus far and that IA was examining incidents involving Longmire, Homicide Lt. F. Joyner, and DC J. Loman. Reilly made it clear that he did not believe that "IA should be doing this... and I told the Chief that." He then asked if "this was a fact finding mission?" I told him that this was not a "head hunting expedition" and if there was no indications of misconduct, then the investigation would cease. Reilly stated, "I don't think Randy Wingate would say

CONFIDENTIAL: Subject to Protective Order
BEY003408

Captain Anthony Toribio
**Re: Pre-Disciplinary Response, Police Sergeant Derwin Longmire**
July 9, 2009
Page 40

uncle's involvement in a very minor part of the investigation, Lt. Joyner had discussed Sgt. Longmire's continued involvement in the Bailey murder investigation with Capt. Loman, who "...didn't have any concerns." Joyner then talked to Deputy Chief Jeff Israel, who was the Bureau of Investigations Deputy Chief, and Israel stated he had confidence in Sgt. Longmire (Joyner, DOJ interview, 26:25-28:1).

Lt. Joyner also described his attendance at a number of "focus group meetings" concerning the YBMB. According to Joyner, prior to the Bailey murder, the focus group met about ten times, approximately once a week. After the Bailey murder, the focus group met another five to ten times. As Joyner described the focus group meetings, Assistant Chief Jordan kept a sign-in sheet for those in attendance. Fifteen people from every law enforcement branch in the Bay Area showed up for the meetings as well as Assistant District Attorney Tom Rogers. In addition, the focus group meetings were attended by Deputy Chief Jordan, Deputy Chief Israel, Capt. Loman, members of the FBI, Doug Sprague, an Assistant United States Attorney, and members of ATF. "Every bullet point, every step I made in this investigation was clearly laid out to this group, clearly approved and moved forward, and in fact, on several occasions, Assistant Chief Jordan as well as Tom Rogers were giving Derwin Longmire directives on what to do." (Joyner, DOJ interview, 29:6-24; 239:16-240:10.)

With regard to Sgt. Longmire's continuing involvement in the Bailey murder investigation, Lt. Joyner had this to say:

> "So it's no cloak and dagger. There was no mirror. I wasn't trying to hide anything. Derwin was assigned this case. Everyone knew it and now it's just ridiculous that it's falling on my shoulders and that I'm the one responsible for leaving Derwin in charge of this investigation."

(Joyner, DOJ interview, 174:2-7.)

**D.    Sgt. Longmire Clearly Told Prosecutors Assigned To The District Attorney's Office And To Those Reviewing His Work That He Believed Bey IV Was Involved In The Murder Of Chauncey Bailey—He Simply Did Not Have Enough Evidence Initially To Charge Him.**

As Sgt. Longmire explained during his interview, "My opinion is that he [Bey IV] called for this murder, that he instructed this kid [Broussard] to do it...I think that he [Bey IV] called it. I think that he either ordered or implied strongly that this kid Broussard commit the murder." (Longmire, DOJ interview, 206:22-207:16.)

When Assistant District Attorney Tom Rogers was interviewed by the investigator hired by this office concerning the Bailey murder, he indicated that he had been assigned by District

**BEY02002**