United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALI SALEEM BEY, et al.,
Plaintiffs,
v.
CITY OF OAKLAND,
Defendant.

Case No. 25-cv-06218-PHK

**ORDER GRANTING DEFENDANT CITY OF OAKLAND'S MOTION TO DISMISS**

Re: Dkt. 20

Plaintiffs Ali Saleem Bey and John Muhammad Bey ("Plaintiffs") bring this equal protection action *pro se* against Defendant City of Oakland. Although the First Amended Complaint ("FAC") names the Oakland Police Commission, the Federal Compliance Director Robert Warshaw, Alameda County, and Does 1-18 as additional defendants, it does not appear that any other Party has been served. [Dkt. 19].

The Parties have consented to proceed before a Magistrate Judge for all purposes, including entry of a final judgment under 28 U.S.C. § 636(c). *See* Dkts. 6, 10, 17. Now before the Court is Defendant's motion to dismiss Plaintiffs' first amended complaint. [Dkt. 20]. The Court heard oral argument on this motion on December 18, 2025. [Dkt. 25]. After carefully reviewing the motion and all relevant documents, and considering the arguments of the Parties, for the following reasons, the Court **GRANTS** Defendant City of Oakland's motion to dismiss. Plaintiffs are **GRANTED LEAVE TO AMEND** the complaint within **thirty (30) days** of the date of this Order.

///

///

///

**RELEVANT FACTUAL BACKGROUND**

The following summary of facts is based on the allegations in Plaintiffs' FAC [Dkt. 19] and as understood by the Court from arguments made at the hearing on this instant motion. Familiarity with the Court's prior Orders in this case is assumed.

Plaintiffs' action stems from the alleged failure of Defendants to investigate the murders of Waajid Bey and journalist Chauncey Bailey, as well as the attempted murder of Plaintiffs. [Dkt. 19 at 11]. Plaintiffs have previously litigated claims stemming from those underlying facts in a separate federal case. *See Bey v. City of Oakland,* No. 14-cv-01626-JSC, 2019 LX 35659 (N.D. Cal. July 30, 2019).

Here, Plaintiffs allege that Defendants have participated in an "ongoing purposeful failure to investigate Plaintiffs' cases" due to systemic racial and religious bias. [Dkt. 19 at 2]. "At its public meeting on February 28, 2019, [Plaintiffs] provided documents to members of the Oakland Police Commission, including a complaint dated July 13, 2007, which eventually became [an] Internal Affairs Decision Case [ ] and provided testimony regarding mishandling of the subsequent investigation." [Dkt. 19 at 32]. On March 14, 2019, the Oakland Police Commission voted to request that an Independent Monitor "investigate the substance of [Plaintiffs'] complaint and testimony. [Dkt. 19 at 32]. On July 26, 2023, the Oakland Police Commission sent a letter to "Court Monitor" Robert Warshaw, noting that "there was no acknowledgement of receipt of the 2019 letter—nor any action to investigate the matter as requested." [Dkt. 19 at 30]. The Oakland Police Commission requested "receipt of the letter and any next steps you anticipate taking on the matter." [Dkt. 19 at 30]. The Court is not aware of any steps that were taken by any Party following the July 2023 letter.

Plaintiffs filed the instant action in Alameda County Superior Court on May 7, 2025. [Dkt.1-1 at 3]. On July 24, 2025, Defendant City of Oakland removed the action to this Court and filed its first motion to dismiss soon thereafter. [Dkts. 1 and 4]. On September 23, 2025, the Court granted Defendant's motion and dismissed Plaintiffs' original Complaint with leave to amend. [Dkt. 18]. On October 24, 2025, Plaintiffs filed their FAC. [Dkt. 19]. Defendant filed a subsequent motion to dismiss on November 7, 2025. [Dkt. 20]. A hearing on the instant motion was held on December

United States District Court
Northern District of California

18, 2025. [Dkt. 25].

At the December 18 hearing, Plaintiffs alleged that evidence existed to support the claim that Defendants intentionally ignored efforts to reopen the investigation of the murders. Specifically, Plaintiffs identified a July 2023 letter (referenced above) and an October 2023 "report" that Plaintiffs claim support their allegations. Plaintiffs alleged at the December 18 hearing that incriminating sentences noting that the "Bey cases remained un-investigated" were removed. Only the July 2023 letter is attached to Plaintiffs' FAC. *See* Dkt. 19 at 30.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Therefore, a plaintiff must allege with at least some degree of particularity the overt acts which the defendants engaged in that support plaintiff's claim. *Id.* "[A] pleading that [is] needlessly long, or . . . highly repetitious, or confused, or consist[s] of incomprehensible rambling" violates Rule 8(a). *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to *sua sponte* dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

United States District Court
Northern District of California

A district court may dismiss a complaint under Rule 8 if the pleading does not provide defendants with fair notice of the alleged misconduct. *See McHenry*, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n. 4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Dismissal is appropriate where the complaint fails to meet the requirements of Rule 8. The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit: Rule 8's requirements "appl[y] to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." *McHenry*, 84 F.3d at 1179.

**DISCUSSION**

In dismissing the original Complaint in this action, the Court noted that that pleading "does not satisfy the requirements outlined in Rule 8. The complaint consists largely of sprawling, conclusory assertions regarding decades-long conspiracies. The allegations are repetitious, disorganized, and at times incoherent. The complaint does not clearly connect alleged facts to any cognizable legal theory, nor does it specify what relief is sought against which defendants." [Dkt. 18 at 5].

The FAC is 29 pages long, consisting of 65 paragraphs, asserting six claims (or causes of action) against various groupings of Defendants, with six pages of attachments which appear to be an amalgamation of letters (and in one instance an excerpt from a letter), a page excerpted from an unidentified transcript, and a page from an unidentified document. The Statement of Facts spans

32 paragraphs of text, describing events from as early as 2007 until the present regarding the allegedly uninvestigated underlying cases involving allegations of murder and attempted murder. [Dkt. 19].

The first cause of action is titled "42 U.S.C. Section § 1983, 14th Amendment equal protection cause of action against all Defendants". [Dkt. 19 at 17]. The second cause of action is titled "42 U.S.C. Section§ 1983, 14th amendment equal protection cause of action against Defendants: City of Oakland, Oakland Police Commission, Alameda County, Robert Warshaw". *Id.* at 22. The third cause of action is titled "42 U .S.C. Section § 1985, cause of action against all Defendants for conspiracy to deprive Plaintiffs of their equal protection civil rights guaranteed under 1st and 14th amendments." *Id.* at 24. The fourth cause of action is titled "42 Section § 1986 14th Amendment Equal Protection cause of action against all named in Claim 3 Defendants as both perpetrators of class-based conspiracies and individuals failing to protect Plaintiffs as victims of said conspiracy." *Id.* at 27. The fifth cause of action is titled "Section 18 U.S.C. §241 of Title 18 of the United States Code criminal deprivation of Plaintiffs' rights under color of law cause of action against all Defendants." *Id.* at 27. The sixth cause of action is titled "Section 18 U.S.C. §242 of Title 18 of the United States Code criminal deprivation of Plaintiffs' civil rights under color of law cause of action against all Defendants." *Id.* at 28.

Defendant City of Oakland moves to dismiss Plaintiffs' FAC under a similar theory presented in its previous motion to dismiss. *See* Dkts. 4, 20. Namely, Defendant argues that Plaintiffs' FAC "is still repetitious, confusing, and incomprehensible." [Dkt. 20 at 2]. Defendant further argues in their motion that Plaintiffs' allegations are time-barred under California's two-year personal-injury limitations period. [Dkt. 20 at 4]. At the December 18 hearing, however, Defendant conceded that Plaintiffs' filing could satisfy the statute of limitations under 42 U.S.C. §§ 1983 and 1985 if Plaintiffs plausibly alleged a claim accruing from July 2023.

Defendant additionally asserts that Plaintiffs' suit is precluded in its entirety under the doctrine of *res judicata*. [Dkt. 20 at 4]. Defendant requests that the Court take judicial notice of court filings in *Bey v. City of Oakland*, No. 14-cv-01626-JSC ("the 2019 case") which resulted in a final judgment on the merits in favor of the defendants in that case and allegedly involved the same

parties and allegations. [Dkt. 20 at 4]. Defendants argue that the FAC here "repeats substantially identical allegations and reasserts the same causes of action—often verbatim—from the prior case." [Dkt. 20 at 3].

Plaintiffs devote much of their opposition to re-state facts already stated in the FAC but fail to meaningfully engage with the grounds for dismissal raised in Defendant's motion. [Dkt. 23]. Plaintiffs rely on conclusory assertions of "widespread policy" being the "driving force" violating their rights without clarifying how those alleged constitutional violations were perpetrated by specific defendants. *See* Dkt. 23.

With regard to the *res judicata* issue, Plaintiffs ask the Court to "ignore" Defendant's exhibits of the 2019 case. [Dkt. 23 at 2]. Plaintiffs further objected to the Court taking judicial notice of the exhibits from the 2019 case at the December 18 hearing.

Argument at the December 18 hearing focused on clarifying Plaintiff's allegations and whether *res judicata* would bar claims alleged after the 2019 case. Based on the submissions at the hearing, Plaintiffs' principal allegation is that further investigation into the underlying matters (the murder and attempted murders) was ignored due to Defendant's underlying systemic, racial, and religious bias. Defendant maintained that Plaintiffs did not plead a federal cause of action, and that any claims alleged are rooted in the same set of facts previously ruled on in the 2019 case (and thus Plaintiffs would be barred from bringing again). But when questioned whether well-pleaded claims arising from the 2023 events could state a claim which could survive dismissal, Defendant conceded that they would need to see the allegations pled more clearly and in chronological order to better assert their argument.

Although pro se pleadings are construed liberally, *Erickson*, 551 U.S. at 94, Rule 8 applies equally to litigants proceeding without counsel. As the Ninth Circuit has explained, the Rule "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry*, 84 F.3d at 1179. Courts in this circuit have long recognized that a complaint may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (quoting *Gillibeau*, 417 F.2d at 431; *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)).

Even though Plaintiffs shortened the length of the FAC as compared to their initial Complaint, the FAC still fails to set forth a "short and plain statement" of any cognizable claim for relief. *See* Fed. R. Civ. P. 8(a). Rather than organizing the allegations into clear factual assertions tied to identifiable legal theories, or even presenting the allegations in chronological order, the FAC remains a sprawling narrative of conclusory statements untethered to specific causes of action. The allegations are repetitious and disorganized. The FAC does not specify what relief is sought, nor make clear who the proper defendants are and how they are liable for the claims Plaintiffs attempt to allege. The result is that neither Defendant nor the Court can discern with reasonable certainty what claims are being asserted, what relief is sought, or the factual basis for those claims. *McHenry*, 84 F.3d at 1178.

As it is currently written, the FAC violates Rule 8 because it "fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. Accordingly, for the reasons discussed herein and at the December 18 hearing, the Court **GRANTS** Defendant City of Oakland's motion to dismiss. Plaintiffs are **GRANTED LEAVE TO AMEND** the complaint within **thirty (30) days** of the date of this Order.

Because Plaintiffs are proceeding without counsel, the Court provides guidance on any amendment to the complaint. Plaintiffs should streamline their allegations to provide a clear, concise account of the specific injuries they personally suffered and the corresponding actions by each Defendant that are tied to and allegedly caused those injuries. Plaintiff conceded at the December 18 hearing that Alameda County and the Oakland Police Commission are separate entities, with neither entity supervising the other. Thus, Plaintiffs must be sure to plausibly allege how each defendant named is responsible and may be held accountable for any harm claimed. Also, to the extent Plaintiffs intend to name the same Defendants, Plaintiffs are responsible for proper service of process of any amended complaint (because as noted above, Plaintiffs appear not to have served all Defendants with the FAC).

Plaintiffs should further avoid ambiguous and expansive narratives about alleged harms to the community at large and instead concentrate on the individualized factual basis for their own claims. Failure to satisfy Rule 8's requirement of a "short and plain statement" of the claim in any

further amended complaint will result in the issuance of either an Order or a Report and Recommendation for dismissal of this case with prejudice.

Because Plaintiffs have an opportunity to amend their allegations, it is premature to rule that any amended complaint is barred under the doctrine of *res judicata*. Plaintiffs should be aware that it is likely that Defendant will move to dismiss any amended complaint and that Defendant will again request that the Court take judicial notice of orders and filings from the 2019 case. The Court makes no advisory ruling on any such request for judicial notice, but notes that such a request may possibly be unnecessary because a Court need not use the doctrine of judicial notice to consider prior judicial decisions and precedent. *See City of Aztec v. Gurule*, 2010-NMSC-006, ¶ 12, 147 N.M. 693, 696, 228 P.3d 477, 480 ("Although we do not do so explicitly, courts take judicial notice of law every time they cite a statute or judicial decision.").

As emphasized by the Court at the December 18 hearing, however, any second amended complaint should not attempt to relitigate Judge Corley's decisions from the 2019 case about what happened in the investigations dating back to 2003, 2004, 2007, and 2013. The Court's focus on the 2023 events at the December 18 hearing should equally guide Plaintiffs with regard to any amendment. Accordingly, Plaintiffs should take care to allege claims that arise from facts that have not yet been ruled upon or risk having the present suit dismissed with prejudice.

**ADVISEMENT OF PRO SE RESOURCES**

Plaintiffs are **ADVISED** yet again that there are several resources for pro se litigants. The Court makes available a guide for pro se litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_9-2024_MBB.pdf or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for pro se litigants: https://cand.uscourts.gov/pro-selitigants/.

**CONCLUSION**

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant City of Oakland's

motion to dismiss. Plaintiffs are **GRANTED LEAVE TO AMEND** the complaint within **thirty (30) days** of the date of this Order.

This **RESOLVES** Dkts. 20, 21, 22.

**IT IS SO ORDERED.**

Dated: September 29, 2026

PETER H. KANG
United States Magistrate Judge